# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. SHEAHAN and BARBARA SHEAHAN, | |
| Plaintiffs, | CIVIL ACTION NO. 3:05-CV-1480 |
| v. | (JUDGE CAPUTO) |
| BERNARD BARNETT and NORMA BARNETT, | |
| Defendants. | |

## MEMORANDUM

On July 25, 2005, Plaintiffs Michael and Barbara Sheahan initiated this civil action against Defendants Bernard and Norma Barnett.  Although Plaintiffs assert that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367, the Court finds that based on the facts alleged in the Complaint, the Court does not have jurisdiction over this matter.

Section 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 1343 gives district courts original jurisdiction over civil rights actions.  Here, Plaintiffs have alleged a claim of fraud.  The Complaint is bereft of any allegations that Defendants have violated the Constitution, laws or treaties of the United States.  Similarly, the Complaint lacks any allegations that Defendants violated their civil rights.  Thus, § 1331 and § 1343 are inapplicable.

The Court notes that Plaintiffs may be able to proceed pursuant to 28 U.S.C. § 1332, which gives district courts original jurisdiction over actions in which:  (1) the parties

are citizens of different states; and (2) the amount in controversy exceeds $75,000.00. However, the Court finds that the Complaint also lacks sufficient allegations from which the Court can determine whether diversity of citizenship actually exists.

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

In the Complaint, Plaintiffs only allege that Defendants "reside" within the Commonwealth of Pennsylvania. (Doc. 1 at 3.) It is well established that the term "citizenship" is not synonymous with "resident." *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location.")

Finally, Plaintiffs also assert that the Court has supplemental jurisdiction over Plaintiff's claims pursuant to § 1367. Under § 1367, the Court may only exercise supplemental jurisdiction over state law claims which arise from the same case or

2

controversy as the claim over which the Court has original jurisdiction.  As far as the Court can tell, the only claim that Plaintiffs assert in the Complaint is a state law claim for fraud.  There are no federal claims asserted.  Accordingly, the Court cannot exercise supplemental jurisdiction in this instance.

In light of the forgoing, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

An appropriate Order follows.


<u>August 15, 2005</u>  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL C. SHEAHAN and BARBARA SHEAHAN, <br><br> Plaintiffs, <br><br> v. <br><br> BERNARD BARNETT and NORMA BARNETT, <br><br> Defendants. | NO. 3:05-CV-1480 <br><br> (JUDGE CAPUTO) |

## ORDER

**NOW**, this  15th  day of August, 2005, **IT IS HEREBY ORDERED** that:

(1)　Plaintiffs' Complaint (Doc. 1) is **DISMISSED**.

(2)　The Clerk of the Court shall mark this case **CLOSED**.

>　/s/ A. Richard Caputo
>　A. Richard Caputo
>　United States District Judge